UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

          Petitioner,

    v.

D. BOWER, et al.,

          Respondents.

No.  2:12-cv-02810 TLN DAD P

ORDER

        Petitioner, a state prisoner proceeding pro se, has commenced this action by filing with the court a document styled, "Petition For Writ of Habeas Corpus" and "Exparte [sic] Declaratory Injunction."  (ECF No. 1.)  It appears from that filing that petitioner seeks to challenge a prison disciplinary action, as well as conditions of her confinement including the alleged use of excessive force by correctional officers and poisoning that petitioner contends petitioner is being subjected to on a daily basis while incarcerated.

**I. Filing Fee or Application to Proceed In Forma Pauperis**

        Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

//////

1

1   **II. Leave to Amend**

2         In this case, petitioner may proceed with a federal habeas action to challenge petitioner's

3   prison disciplinary conviction. However, petitioner must file a separate civil rights action to the

4   extent petitioner wishes to seek relief with respect to the conditions of her confinement. See

5   Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding that the proper mechanism for raising a

6   federal challenge to conditions of confinement is through a civil rights action pursuant to 42

7   U.S.C. § 1983). Therefore, the court will order petitioner to file an amended habeas petition

8   which addresses only the prison disciplinary action petitioner seeks to challenge. Petitioner

9   should not include allegations concerning the alleged use of excessive force, or poisoning, by

10  correctional officers in any amended petition petitioner elects to file in this habeas proceeding.[1]

11  Rather, in any amended habeas petition, petitioner must allege the date that the challenged prison

12  rules violation report was issued, the disciplinary charges that were brought against petitioner,

13  explain whether petitioner lost any time credits as a result, and clearly state the claims for relief

14  being presented. It is suggested that petitioner attach a copy of the challenged rules violation

15  report, prison disciplinary decision, and the administrative appeals decisions to the amended

16  petition.

17  **III. Exhaustion Requirement**

18        Petitioner is also cautioned that the exhaustion of state court remedies is a prerequisite to

19  the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies

20  the exhaustion requirement by providing the highest state court with a full and fair opportunity to

21  consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270,

22  276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Therefore, petitioner must

23  allege what claims petitioner presented to the California Supreme Court as well as the decision of

24  that court with respect to those claims and the date of that decision.

25  /////

---

26  [1] Petitioner is also advised that in this habeas action requests for orders requiring that
27  correctional officers and medical staff be criminally prosecuted, that petitioner be provided
    "annual package of foods," or that specific correctional officials "stay away" from petitioner (see
28  ECF No. 1 at 7-8) seek relief that is unavailable in these proceedings and will not be granted.

**IV.  Motion for Appointment of Counsel**

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case and at this stage of the proceedings, the court does not find that the interests of justice would be served by the appointment of counsel at this time.

**V.  Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Within thirty days from the date of this order, petitioner shall file an amended petition for a writ of habeas corpus that complies with the Federal Rules of Civil Procedure and as set forth above; the amended petition must be labeled, "Amended Petition for a Writ of Habeas Corpus" and must reference the case file number 2:12-cv-02810 TLN DAD P; petitioner must use the form petition provided by the Clerk of the Court and answer each question posed on that form petition;

2.  Within thirty days from the date of this order, petitioner must submit an affidavit in support of petitioner's request to proceed in forma pauperis or the appropriate filing fee;

3.  Petitioner's December 12, 2012 motion for the appointment of counsel (ECF No. 3) is denied;

4.  The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus by a state prisoner and the application for leave to proceed in forma pauperis by a state prisoner; and

5.  Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  August 9, 2013

DAD:4
will2810.amend

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3